```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

MAXUM INDEMNITY COMPANY,        :    NO. 1:13-CV-00191
                                :
    Plaintiff,                  :
                                :
  v.                            :    **OPINION AND ORDER**
                                :
DRIVE WEST INSURANCE            :
SERVICES, INC./MULBERRY         :
INSURANCE SERVICES, INC.,       :
et al.,                         :
                                :
    Defendants.                 :

This matter is before the Court on Plaintiffs' Motion for Default Judgment Against Defendants Tigran Pogosyan A/K/A Tony Pogosyan, MC Risk, LLC, James Cincotta, Julie Cincotta, and Drive West Insurance Services, Inc./Mulberry Services, Inc. (doc. 34), Defendant Sharp (Oakwood Estates), Inc.'s Opposition (doc. 36), Defendant National Condo & Apartment Insurance Group's Opposition (doc. 39), Plaintiff's Reply (doc. 40), Plaintiff and Defendant Sharp's Stipulation (doc. 41), and Plaintiff's Reply (doc. 42). For the reasons indicated herein, the Court GRANTS Plaintiff's motion.

This is an insurance coverage dispute in which Plaintiff Maxum Indemnity Company, ("Maxum"), an insurer, seeks rescission and declaratory relief with respect to a policy it issued to Defendant Drive West Insurance Services, Inc./Mulberry Insurance Services, Inc. ("Mulberry")(doc. 34). Plaintiff served its

Complaint but to date Defendants Tigran Pogosyan a/k/a Tony Pogosyan ("Pogosyan"), MC Risk LLC, James Cincotta, Julie Cincotta, and Mulberry have failed to file a responsive pleading or otherwise defend this matter as required by law (<u>Id</u>.). Plaintiff has obtained a clerk's entry of default as to each of the above Defendants, and now seeks default judgment (<u>Id</u>.).

Defendant Sharp (Oakwood Estates) initially opposed Plaintiff's motion out of concern that an entry of default against the other Defendants would be used as collateral estoppel against Sharp (doc. 36). However, Plaintiff agreed it would not use the default judgment to estop Sharp from arguing Sharp is entitled to insurance monies pursuant to the policy Plaintiff issued to Mulberry (doc. 41).

Defendant National Condo & Apartment Insurance Group ("NCAIG") similarly opposed Plaintiff's motion to the extent that a default judgment would adversely impact coverage on NCAIG's claims against Mulberry Services, Inc., in the underlying lawsuits (doc. 39). Plaintiff replies that it does not intend to use the entry of default as a basis to estop NCAIG from arguing NCAIG is entitled to insurance monies under the Maxum policy, and NCAIG's right to seek coverage under the policy will not be prejudiced (doc. 42).

Having reviewed this matter, the Court finds Plaintiff's motion well-taken. Inasmuch as the Clerk has entered an entry of

default, the posture of this case is such that the Court can properly enter judgment against Defendants. Fed. R. Civ. P. 55(b)(2). Defendants Pogosyan, MC Risk LLC, James Cincotta, Julie Cincotta, and Mulberry have failed to file a responsive pleading or otherwise defend this matter, nor has an attorney entered an appearance for any of them. Entry of default judgment is therefore appropriate as to these Defendants. <u>Iron Workers Dist. Council v. Hoosier Steel, Inc.</u>, No 11-CV-458, 2012 U.S. Dist. LEXIS 47083 (S.D. Ohio, April 3, 2012). The Court notes that Defendant Sharp's objection was dropped, and finds NCAIG's rights will not be prejudiced by entry of default judgment.

Accordingly, pursuant to Fed. R. Civ. P. 55(b)(2) the Court GRANTS Plaintiffs' Motion for Default Judgment Against Defendants Pogosyan, MC Risk, LLC, James Cincotta, Julie Cincotta, and Drive West Insurance Services, Inc./Mulberry Services, Inc. (doc. 34). The Court therefore ENTERS DEFAULT JUDGMENT against such defendants AS PRAYED FOR. The Court therefore DECLARES that Plaintiff Maxum will have no obligation to defend or indemnify Defendant Mulberry with respect to the underlying lawsuits and Defendants Pogosyan, MC Risk, LLC, James Cincotta, and Julie Cincotta shall have no right of recovery against Maxum for any judgments, settlements, damages, costs or fees awarded.

SO ORDERED.

Dated: August 15, 2013    <u>s/S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge