# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY, | : | Case No. 1:13-cv-191 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DRIVE WEST INSURANCE SERVICES, INC. / MULBERRY INSURANCE SERVICES, INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANT'S MOTION FOR
PRE-JUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND
FOR ENTRY OF FINAL JUDGMENT**

This civil action is before the Court upon Defendant/Counterclaim Plaintiff National Condo & Apartment Insurance Group ("NCAIG")'s motion for pre-judgment interest, post-judgment interest, and for entry of final judgment (Doc. 116), as well as the parties' responsive memoranda (Docs. 117 and 118).

## I. BACKGROUND

For the purposes of the pending motion, the Court need not recite this action's lengthy background in detail. (*See* Doc. 91 at 2–6). This case arises out of an insurance coverage dispute initiated by Plaintiff/Counterclaim Defendant Maxum Indemnity Company ("Maxum") against numerous entities, including NCAIG, related to an insurance policy (the "Maxum Policy") that Maxum issued to Defendant Drive West Insurance Services, Inc./Mulberry Insurance Services, Inc. ("Mulberry").

1

The Sixth Circuit overturned this Court's initial Order granting summary judgment in Maxum's favor. (Doc. 91). This Court then entered an Order granting summary judgment in favor of NCAIG. (Doc. 99). Following this, NCAIG, as a judgment creditor, filed a counterclaim for breach of contract against Maxum for refusing to pay $2,000,000 in policy limits under the Maxum policy.[1] NCAIG also demanded an award of pre-judgment and post-judgment interest. (Doc. 100 at 5).

Subsequently, Maxum filed a motion for summary judgment on the grounds of rescission and NCAIG filed a motion for summary judgment on its counterclaim. (Doc. 103). This Court resolved the parties' cross motions for summary judgment, granting summary judgment for NCAIG. (Doc. 110). That Order was not a final judgment, as it did not address the calculation of damages. The parties have now briefed NCAIG's request for pre-judgment and post-judgment interest and the case is ripe for entry of final judgment.

## II. ANALYSIS

As an initial matter, the Sixth Circuit Court of Appeals has ruled that California law governs the interpretation of the Maxum Policy application and the Maxum Policy itself. (Doc. 91 at 8).

### A. NCAIG is Entitled to a Final Judgment of $2,000,000

In the Order resolving the parties' cross-motions for summary judgment, the Court emphasized that it had already found that Maxum was liable for the full $2,000,000

---

[1] NCAIG obtained a default judgment against Mulberry in the amount of $3,826,823.01 in *Amwins Brokerage of Texas, Inc. v. Nat'l Condo. & Apartment Ins. Group, et al.*, S.D. Ohio Case No. 1:12-cv-00358 (June 2, 2014). (Doc. 85-1).

2

policy limits under the Maxum Policy. (Doc. 110 at 14). This Court stressed that "[t]here is no reason for this settled issue to be re-litigated." (*Id.*). Yet in its response to the present motion, Maxum has once again attempted to re-litigate the issue. Maxum argues that the Court should enter judgment in the amount of $640,447 related to six claims that were purportedly reported to Maxum in accordance with the Maxum Policy terms. (Doc. 117 at 3–4). The Court **again** emphasizes that this argument is not well-taken. As the Court already found, Maxum "is liable under the Maxum policy for the default judgments awarded against Mulberry . . . [b]ecause Maxum is liable for multiple claims against Mulberry," $2,000,000 is the appropriate limit. (Doc. 110 at 14).

Accordingly, the Court enters a final judgment of $2,000,000 against Maxum.

B.  **Pre-Judgment Interest**

1.  **NCAIG is entitled to pre-judgment interest.**

While federal law controls post-judgment interest, federal courts sitting in diversity apply state law in assessing pre-judgment interest. *Diggs v. Pepsi-Cola Metro. Bottling Co.*, 861 F.2d 914, 924 (6th Cir. 1988). Under California law, "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day...." Cal. Civ. Code § 3287(a). One purpose of § 3287(a) is "to provide just compensation to the injured party for loss of use of the award during the prejudgment period—in other words, to make the [injured party] whole as of the date of the injury." *Lakin v. Watkins Associated Industries*, 863 P.2d 179, 663 (Cal. 1993). Under § 3287(a), "the court has no discretion, but must award

3

prejudgment interest upon request, from the first day there exists both a breach and a liquidated claim." *North Oakland Med. Clinic v. Rogers*, 76 Cal. Rptr. 2d 743, 746 (Cal. Ct. App. 1998).

Here, Maxum's brief in opposition does not dispute that NCAIG's damages were certain as of June 2, 2014 – the date NCAIG received its judgment against Mulberry and Maxum was required to indemnify Mulberry for the $2,000,000 policy limit. Instead, Maxum disputes that it has an obligation to pay pre-judgment interest to NCAIG because (1) NCAIG is not entitled to supplementary payments under the Maxum Policy as a third-party beneficiary and (2) NCAIG's claim for interest is subject to the applicable limits of insurance in the Maxum Policy. (Doc. 117 at 4–11). Both arguments are without merit.

### a. NCAIG's status as a third-party beneficiary

Maxum argues that NCAIG is not entitled to pre-judgment insurance due to its status as a third-party beneficiary of the Maxum Policy. First, Maxum argues that "[b]ecause NCAIG is pursuing this action as a judgment creditor of Mulberry, and seeks the contractual benefits due and owing under the policy issued to Mulberry, Maxum owes no obligation to indemnify NCAIG for pre-judgment interest." (Doc. 117 at 5). If NCAIG were seeking pre-judgment interest under the Maxum Policy, Maxum may be correct that NCAIG would not be entitled to pre-judgment interest. However, NCAIG is not seeking pre-judgment interest pursuant to the Maxum Policy, it is seeking statutory pre-judgment interest pursuant to § 3287(a), and thus this argument fails.

Second, Maxum argues that, because NCAIG is a third-party beneficiary, it is not entitled to pre-judgment interest under the supplementary payment portion of the Maxum

4

Policy.  Maxum relies on two cases to support this theory.  *See Clark v. Cal. Ins. Guarantee Assoc.*, 133, Cal. Reptr. 3d 1, 7 (Cal. Ct. App. 2011) ("[A] third party judgment creditor may not enforce an award of costs and interest in a [Cal. Ins. Code § 11580] direct action against the insurer."); *San Diego Housing Comm. v. Indus. Indem. Co.*, 95 Cal. App. 4th 669, 692 (Cal. Ct. App. 2002) (finding that in a claim under Cal. Ins. Code § 11580, a judgment creditor is a third-party beneficiary of a contract "but only as to those policy terms that inure directly to the benefit of a judgment creditor.").  In both of these cases, a third-party beneficiary was seeking pre-judgment interest in a direct action pursuant to the Cal. Ins. Code § 11580.  Similar to Maxum's first argument, if NCAIG were seeking pre-judgment interest solely pursuant to Cal. Ins. Code § 11580, Maxum would possibly prevail on its argument that it has no obligation to pay pre-judgment interest.  But, again, NCAIG is seeking pre-judgment interest under § 3287(a) and judgment creditors are not restricted from receiving pre-judgment interest under this statute, even when bringing a claim under Cal. Ins. Code § 11580.  *See, e.g.*, *Howard v. American Nat'l Fire Ins. Co.*, 115 Cal. Rptr. 3d 42 (Cal. Ct. App. 2010).

      **b.  The Maxum Policy Limits**

Maxum next argues that, even if the Court determines that NCAIG is entitled to pre-judgment interest, Maxum has no potential exposure beyond the $2,000,000 limits of the Maxum Policy.  (Doc. 117 at 8).  The Maxum Policy states that Maxum's obligation to make supplementary payments, including pre- and post-judgment interest, are within and reduce the policy limits.  (Doc. 3-2 at PAGEID # 271).  Thus, Maxum contends that the Maxum Policy strictly limits its obligations under the policy to $2,000,000.  The

Court agrees that the Maxum Policy states that Maxum's obligation to pay pre- and post-judgment interest is within and reduces the limits of insurance. However, that does not resolve the issue.

NCAIG argues that the award of pre-judgment interest under § 3287(a) is **mandatory** and "the Maxum Policy simply cannot act to preclude an award of prejudgment interest where it is warranted under this statute." (Doc. 116 at 6).

California courts regularly award statutory prejudgment interest in excess of policy limits. *See, e.g.*, *Howard*, 115 Cal. Rptr. 3d at 75; *State of California v. Cont'l Ins. Co.*, 223 Cal. Rptr. 3d 716 (Cal. Ct. App. 2017); *Pilmai v. Farmers Ins. Exch. Co.*, Cal. Rptr. 3d 383 (Cal. App. Ct. 2005) *superseded by* 137 P.3d 939 (Cal. 2006). Yet, it is unsettled whether § 3287 trumps language in an insurance policy that restricts the payment of pre-judgment interest to the policy limit.

However, the Court need not address that issue here in order to determine that NCAIG is entitled to pre-judgment interest in excess of the Maxum Policy limits. Here, the issuance of pre-judgment interest actually aligns with the Maxum Policy, which provides in the section "Conformity to Statute" that "[a]ny terms of this policy which are in conflict with the terms of any applicable laws construing this policy, are hereby amended to conform to such laws." (Doc. 3-2 at PAGEID #274).

In *Denham v. Bedford*, the Supreme Court of Michigan addressed a similar issue on whether a state statute or insurance policy term determined whether pre-judgment interest was warranted. 407 Mich. 517, 526–35 (1980). The Court agrees with the

sentiments expressed in *Denham* when that court analyzed a boilerplate term similar to the one here requiring the policy to conform to state laws:

> Since there is an obvious conflict between the provisions of this policy which provide for postjudgment interest only and the Prejudgment Interest Statute which provides for interest from the date of filing the complaint, it may be considered that this boilerplate language amends the insurance policy to conform with the mandate of the Prejudgment Interest Statute. This notion gains particular force when viewed in light of the hackneyed but oft-quoted judicial maxim that the language of an insurance policy should be strictly construed against the writer and the policy should be interpreted in favor of the insured.

*Id.* at 530–32.

Here, the Maxum Policy should be interpreted in favor of the insured, therefore the "Conformity to Statute" provision amends the Maxum Policy to conform to § 3287(a), which mandates pre-judgment interest. Thus, since California courts applying § 3287(a) award pre-judgment interest in excess of policy limits, NCAIG is entitled to pre-judgment insurance in excess to the $2,000,000 Maxum Policy limit. Importantly, the award of prejudgment interest advances California's policy goal of putting an injured party in the position it would have been in had the breach of contract not occurred.

Accordingly, the Court finds that, due to Maxum's breach of contract, NCAIG was entitled to receive $2,000,000 in damages as of June 2, 2014, and therefore is entitled to pre-judgment interest pursuant to § 3287(a) as of that date. *See Howard v.*, 115 Cal. Rptr. 3d at 75 (finding that the plaintiffs were entitled to prejudgment interest in excess of a policy limit owed by the insurer to indemnify the insured for the plaintiffs' certain judgment).

## 2. NCAIG is entitled to pre-judgment interest at a rate of 10%

Absent a contractual provision, the statutory rate of pre-judgment interest in California is 10% per annum. Cal. Civ. Code § 3289(b); *see also Michelson v. Hamada*, 36 Cal. Rptr. 2d 343, 353 (Cal. Ct. App. 1994). The Maxum Policy does not include a provision on the statutory rate of pre-judgment interest. However, Maxum argues that, even though California law applies to the determination of whether pre-judgment interest is warranted, Ohio law governs any such award of pre-judgment interest. (Doc. 117 at 11–12). This argument lacks merit and the Court need not spend significant time addressing it.

Applying Ohio's choice of law principles in a diversity action, the Sixth Circuit has found that the state's law governing an underlying breach of contract claim also governs the pre-judgment interest rate. *Truform, Inc. v. Gen. Motors Corp.*, 80 F. App'x 968, 975 (6th Cir. 2003) ("The district court correctly applied the [rate of the state whose law governed the breach of contract claim] to calculate the prejudgment interest. In diversity cases, state law governs an award of prejudgment interest."). Here, California law applies to the underlying breach of contract claim and therefore the California pre-judgment interest rate applies.

Accordingly, pursuant to § 3289(b), NCAIG is entitled to pre-judgment interest at a rate of 10%. Calculated from June 2, 2014 (the date NCAIG received its judgment against Maxum's insured) to June 28, 2018 (the day before NCAIG filed the present motion), NCAIG is entitled to $948,697.40 in statutory pre-judgment interest. (*See* Doc. 116 at 11–12).

## C. NCAIG is Entitled to Post-Judgment Interest

As noted supra federal law controls post-judgment interest. *Diggs*, 861 F.2d at 924. "The purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 827 (1990). The statute governing the calculation of post-judgment interest provides in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961.

Other than Maxum's arguments that NCAIG is not entitled to pre- or post-judgment under California, Maxum does not dispute the issuance of post-judgment interest. Having found that NCAIG is entitled to pre-judgment interest in excess of the Maxum Policy, the Court finds that NCAIG is also entitled to post-judgment interest at a rate of 2.67%[2] as provided by 28 U.S.C. § 1961 until the judgment is satisfied.

---

[2] Available at www.federalreserve.gov.

## 1. CONCLUSION

Wherefore, for the reasons stated above:

1) NCAIG's motion for pre-judgment interest, post-judgment interest, and entry of final judgment is **GRANTED**; and

   a. NCAIG is entitled to recover from Maxum a final judgment of $2,000,000;

   b. Maxum shall pay NCAIG pre-judgment interest in the amount of $948,697.40 as provided by Cal. Civ. Code § 3287(a);

   c. Maxum shall pay NCAIG post-judgment interest as provided by 28 U.S.C. § 1961 at a rate of 2.67% until the judgment is satisfied.

**IT IS SO ORDERED.**

Date:  October 23, 2018                           */s/ Timothy S. Black*
                                                  Timothy S. Black
                                                  United States District Judge