# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY, | : | Case No. 1:13-cv-191 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DRIVE WEST INSURANCE SERVICES, INC. / MULBERRY INSURANCE SERVICES, INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**

This civil action is before the Court upon Plaintiff/Counterclaim Defendant Maxum Indemnity Company ("Maxum")'s motion to stay execution of judgment pending appeal (Doc. 121) and the parties' responsive memoranda (Docs. 123 and 125).

## I. BACKGROUND

On November 9, 2016, the Court issued an Order denying Maxum's motion for summary judgment on rescission and granting Defendant/Counterclaim Plaintiff National Condo & Apartment Insurance Group ("NCAIG")'s motion for summary judgment on its counterclaim. (Doc. 110). Thereafter, on October 23, 2018, the Court issued an Order granting NCAIG's motion for pre-judgment interest, post-judgment interest, and entry of final judgment. In that Order, the Court entered judgment against Maxum in the amount of $2,948,697.40, plus post-judgment interest. (Doc. 119).

1

Maxum filed a notice of appeal on November 11, 2018. (Doc. 122). Pursuant to Fed. R. Civ. P. 62(b), Maxum moves the Court to stay execution of the judgment through the disposition of its appeal without the necessity of a bond. Alternatively, Maxum requests that the Court permit Maxum to file a supersedeas bond in the amount of the judgment and enter a stay of the enforcement of the judgment pending Maxum's appeal. (Doc. 121 at 2).

## II.   STANDARD OF REVIEW

If an appeal is taken, Rule 62(b)[1] provides that "a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).

"A party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). The Sixth Circuit has held that Rule 62 "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. . . . However, the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the

---

[1] Rule 62 was amended effective December 1, 2018. The case law discussed in this opinion analyzes the former Rule 62 provision, which provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d) (2018).

2

court in accordance with its discretion." *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (emphasis added). "[T]he court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Buckhorn Inc. V. Orbis Corp.*, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014) (citing *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009)).

### III. ANALYSIS

The purpose of Rule 62(b) is "to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *Exel, Inc. v. Southern Refrigerated Transport, Inc.*, 2014 WL 6901765, at *1 (S.D. Ohio Dec. 5, 2014) (internal quotations omitted) (quoting *Cohen v. Metro. Life Ins. Co.,* 334 F. App'x 375, 378 (2nd Cir. 2009)). Maxum is entitled to a stay of execution of the monetary judgment if it posts a supersedeas bond. *Arban*, 345 F.3d at 409. However, Maxum requests that the Court issue a stay of execution of the judgment without a supersedeas bond. It is in the Court's discretion to dispense with the supersedeas bond requirement. However, a "full supersedeas bond should almost always be required." *Exel*, 2014 WL 6901765, at *2 (quoting *Hamlin v. Charter Tp. Of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998)). District courts within the Sixth Circuit have required parties seeking a stay of execution of judgment without a supersedeas bond to demonstrate "extraordinary circumstances" justifying such a waiver. *Id.*; *Monks v. Long Term Disability Benefits Plan*, 2012 WL 1598294, at *2 (S.D. Ohio Sept. 3, 2014); *Buckhorn*, 2014 WL 4377811,

3

at *2–3.

Here, Maxum contends that its financial solvency and stability warrant the waiver of the bond requirement.[2] The Sixth Circuit has found that in certain circumstances, bond is inappropriate "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Arban*, 345 F.3d at 409. "Those circumstances tend to be when the appellant demonstrates a disproportionately high income in relation to the judgment or when the appellant has posted cash, accounts receivables, or other assets as security." *Continental Casualty Company v. Indian Head Industries, Inc.*, 2016 WL 1573259, at *1 (E.D. Mich. Apr. 19, 2016) (quoting *Transportation Ins. Co. v. Citizens Ins. Co. of America*, 2013 WL 4604126, at *4 (E.D. Mich. Aug. 29, 2013)). Yet courts in the Southern District of Ohio have found that bonds should be required "even when the defendant clearly has the ability to pay." *Buckhorn*, 2014 WL 4377811, at 2; *Monks*, 2012 WL 1598294, at *3.

---

[2] Although the Sixth Circuit has not defined a specific test to guide a district court's discretion when considering whether to waive a bond requirement, some district courts within the Southern District of Ohio have adopted the Seventh Circuit's five factor test provided in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). *See e.g.*, *Buckhorn*, 2014 WL 4377811, at *2; *Monks*, 2012 WL 1598294, at *2–3. When determining whether the waiver of the supersedeas bond requirement is appropriate under the *Dillon* test, courts consider: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon*, 866 F.2d at 904–05. Here, Maxum argues that each of these factors favor waiving the bond requirement, but primarily relies on Maxum's purported ability to satisfy the judgment. (Doc. 121-1 at 4).

4

Maxum's motion attached an affidavit and exhibits reflecting that, in 2017, Maxum had cash and short-term investments in the amount of $23,609,000 and net-operating cash flow of $5,023,000. (Doc. 121-3). Maxum also reports that its parent company, The Hartford Financial Services Group, Inc. ("Hartford"), has cash in the amount of $102,000,000. (Doc. 121-4). Yet, Hartford is not a party to this action and Maxum does not provide any evidence that Hartford would be obligated to satisfy the judgment against Maxum. Additionally, while the affidavit presented by Maxum states that Maxum will be able to satisfy the judgment within thirty (30) days, the affidavit does not state that Maxum has set aside the funds necessary to satisfy the judgment. (Doc. 121-2 at ¶¶ 6–7).

In *Arban*, the Sixth Circuit affirmed the district court's waiver of the bond requirement where the appellant could clearly pay the judgment. In that case, however, the judgment against the appellant was approximately $225,000 and the appellant's annual revenues were greater than $2.5 billion. *Arban*, 345 F.3d at 400, 409. As NCAIG notes, in *Arban* the appellant's annual revenue was over 11,000 times greater than the judgment. (Doc. 123 at 4). The Sixth Circuit described that difference in revenue and judgment as a "vast disparity." *Arban*, 345 F.3d at 409.

Here, the $2,948,697.40 judgment against Maxum is greater than half of Maxum's annual operating cash flow ($5,023,000). The Court finds that this is not the type of "vast disparity" between the amount of the judgment and annual revenue of the appellant as was contemplated in *Arban*. *See Buckhorn*, 2014 WL 4377811, at *2 (finding no "vast

5

disparity" between a $3.1 million judgment and the appellant's alleged $88 million in assets.) Moreover, while Hartford's financial stability and solvency is clearer than its subsidiary Maxum, Maxum has not explicitly stated that Hartford would satisfy the judgment in this case. Yet courts in the Southern District of Ohio have declined waiving the bond requirement even when an appellant states that its parent company will satisfy the judgment. *Exel*, 2014 WL 6901765, at *3.

Therefore, because Maxum has not demonstrated a vast disparity between its revenue and the judgment, has not presented evidence that it has set aside funds to satisfy the judgment, and cannot simply rely on the financial stability of its parent company, Maxum has failed to meet its burden to demonstrate "extraordinary circumstances" that justify a waiver of the bond requirement.

In its motion, Maxum alternatively requests that the Court stay execution of the judgment by filing of a supersedeas bond in the amount of $2,948,697.40, and issue a temporary stay to enable Maxum to post the bond within fourteen (14) days of this Court's Order on the motion. The Court finds that this request is appropriate and satisfies Rule 62(b).

## IV. CONCLUSION

Wherefore, for the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Maxum's motion to stay execution of judgment pending appeal. (Doc. 121). The Court **DENIES** Maxum's motion for stay pending appeal without posting a supersedes bond. The Court **GRANTS** Maxum's motion to stay execution of

6

the judgment by posting a supersedeas bond in the amount of $2,948,697.40 within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

Date:     1/28/19                                  *Timothy S. Black*
                                                                 Timothy S. Black
                                                                United States District Judge